UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JAMES L. TURNER               ]
     Plaintiff,               ]
                              ]
v.                            ]          No. 3:13-0281
                              ]          Judge Campbell
WOODBURY POLICE DEPARTMENT,    ]
et al.                        ]
     Defendants.              ]


**M E M O R A N D U M**


The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Woodbury Police Department and Chris House, seeking damages.

On November 8, 2012, the plaintiff was arrested for violating a court order preventing him from having any contact with his wife. He was taken to the Cannon County Jail in Woodbury where he remained for thirty five (35) days. The charges against the plaintiff were dropped for lack of evidence. He now wishes to be compensated for each day he spent in the Cannon County Jail.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the

1

Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A local sheriff's department is not a person that can be sued under 42 U.S.C. § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007), *see also* Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against the city of Woodbury, the municipality responsible for the operation of the Woodbury Police Department. However, for the city of Woodbury to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the city or its agent, the Woodbury Police Department. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the Court finds that the plaintiff has failed to state an actionable claim against the Woodbury Police Department.

In the style of the case, the plaintiff lists Chris House as a defendant. The plaintiff, however, does not identify this individual. Nor does he explain in what way this individual violated his rights. In fact, Chris House is never mentioned by the plaintiff in the body of the complaint. Consequently, the plaintiff has failed to state a claim against this defendant as well.

In the absence of an actionable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.


Todd Campbell
United States District Judge